UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAYLA CARBONE,

    Plaintiff,

v.    Case No.:  2:24-cv-187-SPC-NPM

TRI-TOWN CONSTRUCTION.
L.L.C.,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Defendant Tri-Town Construction, L.L.C.'s Amended Motion to Dismiss (Doc. 17) and Plaintiff Cayla Carbone's Opposition to Defendant's Amended Motion to Dismiss (Doc. 19). For the below reasons, the Court denies and grants the motion in part.

### BACKGROUND

This is an employment dispute. Carbone worked for Tri-Town Construction as a carpenter's apprentice for approximately eight months until her resignation on June 15, 2023. (Doc. 1 at ¶ 10). While employed, Carbone alleges she suffered sex discrimination, retaliation, and sexual harassment. (*Id.* at 6–26). Carbone alleges that, while working, another employee named "Senior" grabbed her genitalia while uttering "chipka," a Polish term for "vagina." (*Id.* at ¶ 15). Immediately after, Carbone reported the incident to

supervisor and Vice President, Tanda Hogg. (*Id.* at ¶17). Carbone was told she would still have to work alongside Senior and that if she wanted to remain employed by Tri-Town Construction, the only work available was "picking up garbage, drywall work, plumbing, and electrical work." (*Id.* at ¶ 19). Carbone alleges she was warned by Hogg to keep the incident to herself or fear discipline and/or termination. (*Id.* at ¶ 23). Carbone resigned from her position six days after the incident. (*Id.* ¶ 25).

Carbone alleges a Charge of Discrimination was timely filed with the Equal Employment Opportunity Commission (EEOC) and that the complaint was filed more than 180 days after the Charge of Discrimination filing and within 90 days of the Notice of Right to Sue. (*Id.* at 6–26).

The Complaint asserts six counts under Title VII of the Civil Rights Act (Title VII) and the Florida Civil Rights Act (FCRA) for disparate treatment, retaliation, and sexual harassment.[1] Tri-Town Construction moves to dismiss the complaint arguing: (1) that the sexual harassment was not sufficiently severe or pervasive, (2) that the retaliation claims depend on the survival of the sexual harassment claims, and (3) that the disparate treatment claims fail because Carbone failed to allege that she was treated less favorably than a

---

[1] Since the FCRA is based on Title VII, the Court will apply Title VII decisions to analyze the FCRA claims. *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020).

2

similarly situated individual outside of her protected class. Carbone opposes dismissal.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). If courts can draw reasonable inferences of defendant's liability from the facts pled, then the claim is "facially plausible." *Iqbal*, 556 U.S. at 678. "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action" are simply not enough. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### A. Sexual Harassment (Counts 3 and 6)

The Court denies Tri-Town Construction's motion to dismiss Counts 3 and 6: claims for sexual harassment under Title VII and the FCRA. To support these claims, Carbone alleges that a coworker named "Senior" grabbed her genitalia while saying a Polish term for vagina, "chipka," without her consent. (Doc. 1 at ¶¶ 15, 105). Carbone also alleges that after giving notice of the incident to Tri-Town Construction, no investigation was initiated, and no remedial actions were taken. (*Id.* at ¶¶ 56, 57).

To establish a hostile-environment sexual harassment claim Carbone must allege:

> (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

*Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999). Tri-Town Construction argues that element four is not met because the harassment was a "single, isolated event, not conduct 'sufficiently severe or pervasive to alter the terms or conditions of her employment.'" (Doc. 17 at ¶ 13). For the harassment to be sufficiently severe or pervasive, (1) the employee must "subjectively perceive" the harassment as such, and (2) the environment must be objectively hostile or abusive from the perception of a reasonable person. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999). Considerations to determine whether the situation was objectively severe or pervasive include: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.*

4

Carbone alleges sufficient facts to show she subjectively perceived the touching as severe or pervasive, as she was shocked, confused, and distressed following the incident and immediately reported the incident to Tri-Town Construction, leading to her resignation only six days after the incident. (Doc. 1 at ¶¶ 16, 17, 25). Instead, Tri-Town Construction seems to argue that the alleged harassment was not objectively severe or pervasive enough to survive the pleading stage because it was a single isolated incident (Doc. 17 at ¶ 13), citing to *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872 (11th Cir. 2013). However, unlike the facts here, the single incident of touching one's shoulders in *Arafat* was "unaccompanied by sexual suggestiveness or aggression." *Arafat*, 549 F. App'x at 874. The Eleventh Circuit reasoned that "fleeting contact, unaccompanied by sexual suggestiveness or aggression, is insufficient[.]" *Id.*

Tri-Town cites to other cases where the conduct was not severe or pervasive enough, all of which are distinguishable. *Guthrie v. Waffle House, Inc.*, 460 F. App'x 803, 804–08 (11th Cir. 2012) (affirming that conduct was "rude and boorish" but fell short of being severe or pervasive enough when alleged harasser grabbed the plaintiff's buttocks, made lewd comments, and put his arms around plaintiff's shoulders, but plaintiff voluntarily hugged and kissed the alleged harasser and left and returned to her job during the alleged harassment); *Leeth v. Tyson Foods, Inc.*, 449 F. App'x 849, 853 (11th Cir. 2011) (affirming the alleged harassment was not sufficiently severe or pervasive

5

enough when the alleged harasser tried to pull the plaintiff onto his lap, tried to touch her hand, made inappropriate comments, visited plaintiff's house uninvited, and followed her around the workplace—yet plaintiff told her supervisor that the conduct was just "kind of hitting a nerve"); *Henderson v. Waffle House, Inc.*, 238 F. App'x 499, 502, 503 (11th Cir. 2007) (affirming the conduct was not sufficiently severe or pervasive when the alleged harasser made inappropriate comments and pulled the plaintiff's hair).

 Importantly, the conduct must be severe *or* pervasive, and frequency of the conduct is just one factor courts look to when determining whether the conduct was objectively severe or pervasive. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) ("Either severity *or* pervasiveness is sufficient to establish a violation of Title VII."); *see Copeland v. Georgia Dep't of Corr.*, 97 F.4th 766, 776 (11th Cir. 2024) ("And infrequent but severe instances of harassment may support a claim."). At minimum, Carbone's allegations are enough to survive a motion to dismiss, as a reasonable jury could find the conduct was sufficiently severe or pervasive because of the physically threatening nature of the incident. *Riddle v. Butterfield*, No. 8:22-CV-2803-KKM-CPT, 2023 WL 4598164, at *3 (M.D. Fla. July 18, 2023) (denying motion to dismiss and finding plaintiff sufficiently alleged severe and pervasive conduct when the alleged harasser tried to pull

6

up plaintiff's skirt and touched his genitals to plaintiff's buttocks). Accordingly, the Court declines to dismiss Counts 3 and 6.

**B. Retaliation (Counts 2 and 5)**

The Court declines to dismiss Counts 2 and 5: retaliation under Title VII and FCRA. Carbone alleges that after reporting the incident to Tri-Town Construction, she was "subjected to a discriminatory, hostile and offensive work environment" and effectively terminated. (Doc. 1 at ¶¶ 40, 88). Tri-Town Construction, through Hogg, notified Carbone that she must still work alongside Senior, despite his inappropriate conduct, and that she could no longer practice carpentry. (Doc. 1 at ¶ 19).

For a retaliation claim, Carbone must show: "(1) that 'she engaged in statutorily protected activity,' (2) that 'she suffered an adverse action,' and (3) 'that the adverse action was causally related to the protected activity.'" *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1134–35 (11th Cir. 2020) (quoting *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018). Tri-Town Construction argues that if Carbone's sexual harassment claims (Counts 3 and 6) are dismissed, then the retaliation claims are due to be dismissed because the sexual harassment was the basis for the retaliation claim. (Doc. 17 at ¶ 17). Since the sexual harassment claims are not dismissed, Tri-Town Construction's argument fails. Accordingly, the Court declines to dismiss Counts 2 and 5 for retaliation.

7

## C. Disparate Treatment (Counts 1 and 4)

Carbone has failed to plead a claim for disparate treatment under Title VII and FCRA. A disparate treatment claim requires Carbone to show that: "(1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class." *Arafat*, 549 F. App'x at 874.

Tri-Town Construction argues that Carbone's naming of male employees not subjected to the same treatment is too conclusory to survive a motion to dismiss. (Doc. 17 at ¶ 19). Tri-Town Construction also objects that Carbone only made this allegation under the FCRA claim for disparate treatment and not under the Title VII claim. (*Id.*). Conversely, Carbone argues "[a]n employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas* framework[.]" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002); (Doc. 19 at 14). However, Carbone fails to provide the Court with the progeny of cases clarifying *Swierkiewicz* and affirming the dismissal of disparate treatment claims for failure to provide enough facts that others outside their protected classes were treated more favorably. *Arrington v. Alabama Power Co.*, 769 F. App'x 741, 746 (11th Cir. 2019) (quotations omitted) (affirming dismissal for failure to plead a prima facie case of disparate treatment when plaintiff did not plead

8

that a similarly situated employee outside of its protected class was treated less favorably); *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (affirming dismissal of a disparate treatment claim when plaintiff failed to provide facts that those outside his protected class were treated more favorably); *Arafat*, 549 F. App'x at 874 (11th Cir. 2013) (affirming dismissal for failure to plead the existence of a similarly situated employees when plaintiff merely generically referenced younger males); *Litman v. Sec'y, of the Navy*, 703 F. App'x 766, 769 (11th Cir. 2017) (affirming dismissal of a disparate treatment claim when plaintiff alleged nowhere that similarly situated employees were treated more favorably).[2] The United States Supreme Court addressed *Swierkiewicz* explaining: "[h]ere, in contrast, we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination.") (internal citations and quotations omitted).

---

[2] This does not represent an exhaustive list.

Here, Carbone merely alleges in Count 4 (but not Count 1) that "[m]en such as Senior, Mr. Patrick or Ruben, were not subjected to the conduct described [in the] Complaint" (Doc. 1 at ¶ 72). This does not provide the Court with enough facts to state a plausible claim for relief, and even if it did, Carbone failed to plead the allegation in Count 1. As such, the Court dismisses Carbone's claims for disparate treatment (Counts 1 and 4) without prejudice and grants Carbone leave to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The Court cautions Carbone that if she chooses to amend these claims, she must take care to sufficiently plead all the elements of disparate treatment for both the FCRA and Title VII counts.

Accordingly, it is

**ORDERED:**

1. Defendant Tri-Town Construction, L.L.C.'s Amended Motion to Dismiss is **DENIED and GRANTED in part.**

2. Plaintiff Carbone's disparate treatment claims (Counts 1 and 4) are **DISMISSED without prejudice**.

3. Plaintiff must file an Amended Complaint consistent with this Opinion and Order on or before **July 25, 2024.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 11, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record